UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN HACKETT,<br><br>           Plaintiff,<br><br>    vs.<br><br>RAYMOND FISHER, et al.,<br><br>           Defendants. | 1:15-cv-00670-BAM (PC)<br><br>ORDER DISMISSING CERTAIN CLAIMS, FINDING SERVICE OF AMENDED COMPLAINT APPROPRIATE, AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS<br>(ECF No. 14)<br><br>**THIRTY-DAY (30) DEADLINE** |

**I.  Screening Requirement and Standard**

Plaintiff Stephen Hackett ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed a consent to proceed before a magistrate judge on May 14, 2015. (ECF No. 4.)

On June 7, 2016, The Court dismissed Plaintiff's complaint with leave to amend. (ECF No. 5.)  Plaintiff filed an amended complaint on July 14, 2016.  (ECF NO. 9.)  The court dismissed the amended complaint with leave to amend on July 18, 2016.  (ECF No. 11.)  Plaintiff's second amended complaint ("SAC"), filed on August 30, 2016, is currently before the Court for screening. (ECF NO. 14.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California. The events in the amended complaint allegedly occurred at Valley State Prison ("VSP") in Chowchilla, California. Plaintiff names the following defendants: (1) Chief Physician and Surgeon Dr. K. Toor; (2) Nurse Practitioner L. Stolfus; and (3) Physicians' Assistant Chetana Sisodia.

On June 27, 2014, Plaintiff was transferred to VSP from Wasco State Prison ("Wasco"). While at Wasco, he had been approved for a total left knee revision and to have removal of an ABX antibiotic spacer that was supposed to have been removed on January 27, 2014. The

approval, Form 7243, was forwarded to VSP and received by Defendant Stolfus on August 20, 2014.

On September 4, 2014, Plaintiff was seen by Defendant L. Stolfus, and he inquired as to why his approved and scheduled surgery had not yet occurred. Plaintiff was by this time using a four wheel walker and his knee was oozing. Defendant Stolfus generated another CDCR Form 7243 (physician's request for medical services), in which she marked the section for earliest possible release date, and that there was a life-term of imprisonment. Plaintiff's actual release date is November 29, 2018. (ECF No. 14, p. 8.) Plaintiff alleges that it was incumbent upon Defendant Stolfus to incur the information on the form was correct, which it was not in violation of CDCR policies. Stolfus should have designated on the form the time frame for the specialty service to be provided as "urgent" as opposed to "routine."

Plaintiff cites to the CDCR Medical Services Policy which states that upon transfer to a new institution, scheduled appointments or consults shall be kept. (ECF NO. 14, 9 of 24.) Plaintiff alleges that by designating the request for service as "routine" the urgent need for services was communicated and Stolfus has a responsibility to accurately complete form 7243. On information and belief, it was incumbent on Stolfus to ensure that the inmate information was accurate, and she violated the policies and procedures for inmate medical services by failing to designate the appropriate time frame in which the specialty services should be provided. The designation should have been urgent, not routine. The relevant policies require that if an inmate has been received via intra-system transfer and has had a previously-scheduled appointment or consult, the receiving institution shall ensure the inmate receives the specialty appointment or consult no more than thirty (30) days from the date the procedure was originally scheduled. Policy requires emergency consultations or procedures be provided immediately, and high priority procedures or consultations be provided within fourteen (14) days after the primary care physician's order. Routine allows for ninety (90) days for the service to be provided. By designating the time frame as routine, Defendant Stolfus as the primary care provider did not provide sufficient notice to the other medical personnel about when the service was required to

be provided to Plaintiff. As a consequence of Defendant Stolfus's creation of the Form 7243, the request for services was denied on September 10, 2014.

On November 12, 2014, Plaintiff once more saw Defendant Stolfus due to complaints of continued left knee pain and inability to walk on the left leg. Defendant Stolfus also created another Form 7243, at Plaintiff's request. Again, Defendant Stolfus marked routine as the time-frame. Because of Stolfus' incorrect designation on the form, Plaintiff's request for services was denied on December 4, 2014.

Plaintiff experienced continued pain and persistent oozing at the left knee joint during June 2014 and February 2015. Plaintiff was not offered to see a physical therapist and he could no longer straighten his left knee. From June 24, 2014 through February 2015, Plaintiff continued to suffer pain, oozing at the left knee, atrophy, and worsening bone-stalk deterioration. Plaintiff never saw a physical therapist, can no longer straighten his left knee, and cannot ambulate without assistive devices since arriving at VSP. Plaintiff was granted long-term opiate treatment for pain relief by the pain management committee, but was given nothing more effective than short-term pain medication and psychotropic medications.

On February 4, 2015, Plaintiff filed a grievance complaining about the denial of the surgical procedure. On February 28, 2015, Plaintiff's appeal was partially granted by Dr. Virk. On March 6, 2015, Plaintiff was seen by a general practitioner, who submitted a request for an offsite consultation, and stated surgery should have been done a year and a half ago.

On March 20, 2015, Plaintiff was seen by Dr. Wong at VSP, who agreed the surgery should have been done long ago, and he needed to come off antibiotics.

On April 10, 2015, Plaintiff was sent to an offsite consult with another orthopedic specialist. He concurred with a previous assessment and was shocked that Plaintiff was made to bear weight and walk on the spacer for another two years. He recommended a fused knee and an artificial joint, or possibly amputation.

On May 11, 2015, Plaintiff was seen at VSP's infirmary for a consultation with an infectious disease M.D., Richard Smith, who stated that Plaintiff had become immune to

1 antibiotics. Dr. Smith recommended debriding the remaining worn down structure, taking out the
2 cadaver bone, and providing around the clock antibiotic treatment.
3     On June 22, 2015, Plaintiff received a third level response to his grievance, that it had
4 been denied. The reviewer, deputy Director Lewis made statements in the decision that were
5 contradicted by supporting outcome data and applicable policies and procedures. Defendant
6 Lewis stated that the orthopedic specialist did not recommend another knee replacement due to a
7 history of three prior surgeries, but Dr. Casey on August 7, 2015 states "we will proceed with a
8 revision total knee replacement removal of antibiotic spacer." (ECF No 14, p. 13.) Plaintiff's
9 medical file also contained consults that concurred with the medical necessity of the treatment.
10     From June 2015 to May 2016, Plaintiff continueD to suffer pain and deteriorating bone
11 rubbing against the left knee joint, atrophy, a lessening of the ability to straighten the left leg,
12 oozing infection site, and staph infection. Plaintiff filed another grievance on May 16, 2016,
13 seeking knee surgery and effective pain medication. (VSP HC 1600622).  Plaintiff's appeal (VSP
14 HC 1600622) was for denial of effect pain treatment and to be granted surgery of left knee at
15 inmate private cost.   On May 31, 2016, Defendant Sisodia interviewed Plaintiff in regarding to
16 the grievance. Defendant Sisodia refused to grant the pain management committee-approved
17 long-term opiate medication.  Instead, she prescribed ibuprofen.
18     On June 16, 2016, Defendant Toor granted Plaintiff's request for surgery if he paid all
19 costs associated with the procedure.  On information and belief, Defendant Toor failed to inform
20 Plaintiff that the surgery could be obtained at private costs at an earlier date, delaying treatment
21 and causing increased pain and suffering. Defendant Sisodia also failed to inform Plaintiff he
22 could obtain the surgery at private costs as a way to expedite approval.
23     As of the time this complaint was filed, Plaintiff has not received the orthopedic surgery
24 to remove the antibiotic spacer, nor the knee replacement.  The medical procedure has been
25 extensively delayed and has caused chronic pain.
26     Plaintiff alleges deliberate indifference against Defendants Toor, Stolfus and Sisodia for
27 delaying and denying surgery.  Plaintiff alleges a custom and practice causing violations of his
28 civil rights due to overcrowding and lack of medical staff, against Defendant Toor and Stolfus as

they were put on notice due to Plata v. Schwarzenegger, et al., C01–1351–TEH (N.D. Cal. Jan. 23, 2008). Plaintiff alleges negligence against defendants against Defendants Toor, Stolfus, and Sisodia. Plaintiff seeks damages, costs, and expenses.

### III.     Deficiencies of Complaint

#### A.     Eighth Amendment-Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1998).

"Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105–06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate

indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

### 1. Chief Physician/Surgeon Toor

Plaintiff alleges Chief Physician and Surgeon Toor was the first level response to his appeal (filed in about May-June 2016), and granted the appeal so that Plaintiff could incur and absorb the total cost of the procedure. Plaintiff alleges that Defendant Toor failed to inform Plaintiff at a much earlier date that surgery could be obtained at private cost, rather than being denied the procedures as he was for 2 years being treated only for the symptoms and not for the cause. (ECF NO 14, p. 24.) Plaintiff alleges Defendant Toor failed to remedy the cause of the problem for two years. (para. 36.)

Plaintiff's allegations are sufficient to allege knowledge of a serious medical need in May-June 2016 and deliberate indifference to that need. By granting the appeal for the knee procedures to be paid by Plaintiff privately, Defendant Toor had knowledge that the procedures were a serious medical need. The allegations state that Defendant Toor became aware of Plaintiff's knee when Plaintiff filed his appeal asking for private surgery, and Defendant Toor granted the appeal in June 16, 2016. (ECF No. 14, p. 14.) Thus, Defendant Toor had knowledge of a serious medical need. Defendant Toor acted in deliberate indifference to that need by denying the procedures based upon funding. Plaintiff has stated a cognizable claim against Defendant Toor for deliberate indifference for denying the procedure in June 2016.

Plaintiff fails to state a cognizable claim against Defendant Toor for delaying the knee procedures for two years. Plaintiff has alleged no facts that Defendant Toor was aware of any serious need of Plaintiff's prior to May-June 2016. Plaintiff has been granted multiple opportunities to allege sufficient facts and has failed to do so.

### 2. Nurse Practitioner Stolfus

Plaintiff alleges Nurse Practitioner Stolfus saw Plaintiff and made errors in filing out Form 7243s for his treatment recommendations. She recommended him for ortho treatment and removal of antibiotics, but marked the forms incorrectly as to Plaintiff's inmate status. She also

marked the treatment as routine rather than urgent or higher priority.  Plaintiff alleged in prior pleadings that Defendant Stolfus ordered antibiotics and a new brace. [1]

Plaintiff seeks to hold Defendant Stolfus liable for the manner in which she processed and responded to his medical request.  Plaintiff alleges that Defendant Stolfus had a duty, under Title 15 of California Code of Regulations, to complete the medical request form in a certain way.  (ECF No. 14, p. 8-.) To the extent Plaintiff intends to base a claim on Defendants' failure to follow state law or prison regulations governing inmate appeals as set forth in Cal. Code Regs., tit. 15 § 3084, et seq., such violations cannot be remedied under § 1983 unless they also violate a federal constitutional or statutory right. See Davis v. Scherer, 468 U.S. 183, 192 (1984). Section 1983 provides no redress for prison officials' mere violation of state prison regulations. See Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); Sweaney v. Ada Cnty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (section 1983 creates cause of action for violation of federal law); Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370-71 (9th Cir. 1996) (federal and state law claims should not be conflated; to the extent the violation of a state law amounts to a deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, section 1983 offers no redress) (quotation marks omitted).

Plaintiff fails to state a cognizable claim for deliberate indifference to serious medical needs against Defendant Stolfus for the notation made on the 7243 form in September 2014 and November 2014. Plaintiff alleges that Stolfus wrote that Plaintiff needed ortho treatment and removal of antibiotics. However, she acted on that need, and filled-out Form 7243s for him. Although she made errors, his allegations only allow an inference that she did so negligently. As stated above, mere negligence will not support this cause of action. Further, in prior pleadings, Plaintiff also admits that Stolfus ordered treatments in the meantime in response to his complaints of continued pain and difficulty walking. This does not show deliberate indifference.

---

[1] The Court relies in part on prior pleadings and the court's prior orders to determine whether leave would be futile. See United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir.2011) ("Leave to amend is warranted if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint.")

Plaintiff has been granted multiple opportunities to demonstrate that Defendant had the requisite deliberate indifference but has failed to do so.

### 3. Physicians' Assistant Sisodia

Plaintiff alleges that Defendant Sisodia interviewed Plaintiff in connection with his grievance filed on May 16, 2016. She refused to order opiate medication, which had been approved by the pain management committee. Instead, she prescribed ibuprofen. Plaintiff alleges that Sisodia should have reviewed his medical file before informing him that the medically indicated surgery could have been obtained at private cost as a way to reduce prison budgetary cost.  (EDF No. 14, p. 14.)

Plaintiff fails to state a cognizable claim for deliberate indifference to serious medical needs against Physician Assistant Sisodia. Plaintiff's allegations suggest a difference of opinion regarding his medication, or possibly negligence in failing to follow the pain management committee's authorization and failing to review his medical file.  A difference of opinion between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  As noted above, these claims are insufficient to state a cognizable Eighth Amendment claim. Plaintiff has been given multiple chances to allege a claim against Sisodia and has been unable to do so.

### B. Constitutional Claim based upon Custom and Practice

Plaintiff alleges that Toor and Stolfus were aware of severe overcrowding and a lack of medical staff, and were put on notice of these conditions due to the filing of lawsuits, including Plata v. Schwarzenegger, et al., C01–1351–TEH (N.D. Cal. Jan. 23, 2008).[2] Plaintiff further alleges that these Defendants were aware of policies and procedures regarding timely care, and that the conditions cause inmates to not receive necessary, timely care, creating a grave risk of

---

[2] Since August 2008, the California Department of Corrections and Rehabilitation's prison health care system has operated under a Federal Receiver appointed in the Plata v. Schwarzenegger class action litigation. J. Clark Kelso is the Receiver for CDCR's health care system. See Plata v. Schwarzenegger, et al., C01–1351–TEH (N.D. Cal. Jan. 23, 2008). During the period of receivership, Plata has been the judicial vehicle by which a number of improvements to medical care in the California prison system. *Aluya v. Mgmt. & Training Corp.*, No. 1:13-CV-1209 AWI JLT, 2015 WL 4203946, at *5 (E.D. Cal. July 13, 2015).

1  injury and/or illness. All of these allegations are made in a conclusory fashion, without
2  supporting facts.
3        As Plaintiff has been previously informed, to the extent that he is attempting to base a
4  claim on alleged violations the Receiver's Plan for Provision of Constitutional Care, as arose out
5  of Plata v. Schwarzenegger, such violations do not provide an independent basis for damages in
6  this action. See Cagle v. Sutherland, 334 F.3d 980, 986–87 (9th Cir.2003) (consent decrees often
7  go beyond constitutional minimum requirements, and do not create or expand rights); Green v.
8  McKaskle, 788 F.2d 1116, 1123 (5th Cir.1986) (remedial decrees remedy constitutional
9  violations but do not create or enlarge constitutional rights). "[R]emedial orders ... do not create
10 'rights, privileges or immunities secured by the Constitution and laws' of the United States." Hart
11 v. Cambra, 1997 WL 564059, *5 (N.D.Cal. Aug.22, 1997) (quoting Green, 788 F.2d at 1123–
12 24). There is no authority that Plata does creates the custom or practice necessary for liability
13 under §1983.  Plaintiff may not state a section 1983 claim based on the failure to comply with
14 any remedial plan or consent decree.
15       **C.      State Law Claims**
16       Plaintiff is informed that under California law, the Government Claims Act requires
17 exhaustion of those claims with the California Victim Compensation and Government Claims
18 Board, and Plaintiff is required to specifically allege compliance in his complaint. Shirk v. Vista
19 Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty.
20 (Bodde), 32 Cal. 4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc.
21 Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d
22 1470, 1477 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th
23 Cir. 1988).  Plaintiff has failed to allege compliance with the Government Claims Act.
24       The Court did not screen Plaintiff's state law claims previously because he failed to
25 allege a federal claim. The Court generally declines to exercise supplemental jurisdiction over
26 state law claims in the absence of viable federal claims and this case presents no exception. 28
27 U.S.C. § 1367(c)(3).  The Court now screens that claim.
28 ///

### 1. Negligence

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). Under California law, " '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).' " Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal. App. 4th 983, 994 (2008)).

Plaintiff has met his initial burden of alleging sufficient facts which plausibly show that Dr. Toor, Nurse Practitioner Stolfus, and Physician's Assistant Sisodia owed Plaintiff a duty of care and breached that duty which caused injury to Plaintiff.

## IV.     CONCLUSION AND ORDER

Plaintiff's second amended complaint states a cognizable claim against Dr. Toor for deliberate indifference to Plaintiff's serious medical needs for Dr. Toor's conduct in May-June 2016, in violation of the Eighth Amendment, but fails to state any other Eighth Amendment claims against Dr. Toor. Plaintiff's second amended complaint also states a claim for negligence against Dr. Toor, Nurse Stolfus and Physician's Assistant Sisodia. Plaintiff's second amended complaint does not state any other cognizable claims. As Plaintiff was previously granted leave to amend, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY ORDERED that:

1. This action shall proceed on Plaintiff's Eighth Amendment claim of deliberate indifference to his medical needs against Defendant Toor and on a state law claim of negligence against Dr. Toor, Nurse Stolfus and Physician's Assistant Sisodia;

2. Plaintiff's Eighth Amendment claim against Defendants Stolfus and Sisodia is dismissed. Plaintiff's Eighth Amendment claim against Dr. Toor for delaying the knee procedures for two years is dismissed.

3. Plaintiff's Custom and Practice claim is dismissed as to all Defendants.

4. Service shall be initiated on the following defendants:

  **Chief Physician and Surgeon Dr. K. Toor**

  **Nurse Practitioner L. Stolfus**

  **Physician's Assistant C. Sisodia**

3. The Clerk of the Court shall send to Plaintiff three USM-285 forms, three Summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the second amended complaint filed August 30, 2016;

4. Within thirty (30) days from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

  a, One completed summons for each defendant listed above;

  b. One completed USM-285 form for each defendant listed above;

  c. Four copies of the endorsed first amended complaint filed August 30, 2016;

5. Plaintiff need not attempt service on the defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs;

6. <u>The failure to comply with this order will result in a recommendation that this action be dismissed for failure to prosecute and to obey a Court order</u>.

IT IS SO ORDERED.

Dated:   **September 21, 2016**              /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE