UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN HACKETT,<br><br>   Plaintiff,<br><br>   v.<br><br>RAYMOND FISHER, et al.,<br><br>   Defendants. | Case No.: 1:15-cv-00670-BAM (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT STOLFUS SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE (ECF No. 18)<br><br>THIRTY-DAY DEADLINE |

### I.     Introduction

Plaintiff Stephen Hackett ("Plaintiff"), a state prisoner at California Substance Abuse Treatment Facility, Corcoran, proceeding pro se, initiated this civil rights action under 42 U.S.C. § 1983 on May 1, 2015.  This action proceeds on Plaintiff's second amended complaint, filed on August 30, 2016, for deliberate indifference to a serious medical need in violation of the Eighth Amendment against defendant K. Toor and for state law negligence against defendants K. Toor, L. Stolfus, and C. Sisodia ("Defendant(s)").

### II.     Service by the United States Marshal

On September 21, 2016, following screening of the second amended complaint, the Court issued an order directing the United States Marshal to initiate service of process in this action upon Defendants Toor, Stolfus, and Sisodia (ECF No. 17).  On November 9, 2016, the United States Marshal filed a return of service unexecuted as to Defendant Stolfus (ECF No. 18).

1

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

Where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate.  Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

In this case, Plaintiff has not provided accurate and sufficient information to identify Defendant Stolfus and to locate this defendant for service of process.  (ECF No. 18.)  If Plaintiff is unable to provide the Marshal with the necessary information, Defendant Stolfus shall be dismissed from this action, without prejudice.  Under Rule 4(m), the court will provide Plaintiff with the opportunity to show cause why Defendant Stolfus should not be dismissed from the action at this time.

### III.  Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendant Stolfus should not be dismissed from this action.  Plaintiff may comply with this order by providing accurate and sufficient information for the Marshal to identify and locate Defendant Stolfus for service of process; and

2. <u>The failure to respond to this order will result in the dismissal of Defendant Stolfus from this action.</u>

IT IS SO ORDERED.

Dated:   **November 10, 2016**          /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE