# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN HACKETT,<br><br>                    Plaintiff,<br><br>          v.<br><br>RAYMOND FISHER, et al.,<br><br>                    Defendants. | Case No.  1:15-cv-00670-BAM (PC)<br><br>ORDER DISMISSING DEFENDANT STOLFUS FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br><br>(ECF No. 19) |

Plaintiff Stephen Hackett ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on May 1, 2015. (ECF No. 1.) This action proceeds on Plaintiff's second amended complaint, filed on August 30, 2016, for deliberate indifference to a serious medical need in violation of the Eighth Amendment against defendant K. Toor, and for state law negligence against defendants K. Toor, L. Stolfus, and C. Sisodia ("Defendant(s)").  Plaintiff filed a consent to magistrate judge jurisdiction on May 14, 2015.  (ECF No. 4.)

On September 21, 2016, following screening of the second amended complaint, the Court issued an order directing the United States Marshal to initiate service of process in this action upon Defendants Toor, Stolfus, and Sisodia (ECF No. 17). On November 9, 2016, the United States Marshal filed a return of service unexecuted as to Defendant Stolfus (ECF No. 18). On November 10, 2016, the Court issued an order to show cause within thirty (30) days why

1

Defendant Stolfus should not be dismissed from this action for failure to provide sufficient information to effectuate service. (ECF No. 19.) The deadline for Plaintiff to comply with the order to show cause has passed, and Plaintiff has not complied.

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).  Where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate. *Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Plaintiff failed to provide sufficient information to locate Defendant Stolfus for service of process. Plaintiff was ordered to submit documents to effect service on September 21, 2016. Plaintiff submitted the necessary documents, and the Court directed service by the United States Marshal on October 26, 2016.  The Marshal filed a return of service unexecuted for Defendant Stolfus on November 9, 2016, which indicated that, per the CDCR, Defendant Stolfus was not an employee, and that the contract company stated Defendant Stolfus was "no longer there." (ECF No. 18.)  In compliance with Rule 4(m), Plaintiff was provided with the opportunity to show cause why Defendant Stolfus should not be dismissed from this action, and to provide additional information to locate Defendant Stolfus.  Plaintiff failed to respond to this Court's order, and failed to show cause why Defendant Stolfus should not be dismissed from this action.

///
///
///
///
///
///

Accordingly, Defendant Stolfus is HEREBY DISMISSED from this action, without prejudice, based on Plaintiff's failure to effect service of the summons and complaint as required by Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

Dated: **December 20, 2016**       /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE