# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HACKETT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FISHER, et al.<br><br>　　　　Defendants. | Case No. 1:15-cv-00670-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS<br><br>(ECF No. 22)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**Findings and Recommendations**

**I.　Introduction**

Plaintiff Steven Hackett ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action under 42 U.S.C. § 1983. On September 21, 2016, the Court found that Plaintiff's second amended complaint stated cognizable claims against Defendant Dr. Toor for deliberate indifference in violation of the Eighth Amendment regarding conduct in May-June 2016 and state law negligence and against Defendants Stolfus and Sisodia for state law negligence. (ECF No. 15.) The Court dismissed Defendant Stolfus from this action on December 20, 2016, (ECF No. 20), and this action currently proceeds only against Defendants Toor and Sisodia.

On January 9, 2017, Defendants Toor and Sisodia filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). By their motion, Defendants seek to dismiss Plaintiff's state law negligence claim against Defendant Toor and dismiss Defendant Sisodia from this action on

the ground that Plaintiff failed to plead compliance with the California Government Claims Act. (ECF No. 22.) On February 3, 2017, Plaintiff opposed the motion, and Defendants replied on February 10, 2017. (ECF Nos. 23, 24.) The motion is deemed submitted. Local Rule 230(l).

For the reasons discussed below, the Court recommends that Defendants' motion to dismiss be granted.

**II.     Motion to Dismiss**

**A. Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pled factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 996-97 (9th Cir. 2006); *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000).  Further, prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

**B. California Government Claims Act**

The California Government Claims Act ("GCA")[1] requires that a party seeking to recover money damages from a public entity or its employees must present a claim to the California

---

[1] The Government Claims Act was formerly known as the California Tort Claims Act. *See City of Stockton v. Superior Court*, 42 Cal.4th 730, 741-42, 68 Cal.Rptr.3d 295, 171 P.3d 20 (2007) (adopting practice of referring to California Government Code §§ 810 *et seq*. as the Government Claims Act).

Victim Compensation and Government Claims Board ("Board") before filing suit in court, generally no later than six months after the cause of action accrues. *See* Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Timely claim presentation is not merely a procedural requirement of the GCA, but is an element of a plaintiff's cause of action. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 209, 64 Cal.Rptr.3d 210, 164 P.3d 630 (2007); *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1243, 13 Cal.Rptr.3d 534, 90 P.3d 116 (2004). Thus, when a plaintiff asserts a claim subject to the GCA, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Id.* This requirement applies to state law tort claims included in a federal action filed pursuant to 42 U.S.C. § 1983. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

### C. Analysis

Plaintiff alleges a state law claim of negligence against Defendant Toor and Sisodia. In order to proceed on this claim, Plaintiff must affirmatively allege either compliance with the claim presentation requirement of the GCA or circumstances excusing such compliance. *Shirk*, 42 Cal.4th at 209.

In their moving papers, Defendants contend that Plaintiff failed to allege facts demonstrating that a claim was timely presented to the GCA or that his compliance was excused. (ECF No. 22-1 at p. 3.) By his opposition, Plaintiff appears to concede that the operative complaint does not include allegations of compliance with the GCA or circumstances excusing compliance. Instead, Plaintiff reasserts his allegations regarding the actions or omissions of Defendants Toor and Sisodia related to Plaintiff's medical care. (ECF No. 23 at pp. 2-3.) These allegations are not sufficient to demonstrate compliance with the GCA, nor are Plaintiff's assertions that he utilized the administrative procedures available to him through the California Department of Corrections and Rehabilitation. (ECF No. 23 at p. 3.)

Nevertheless, Plaintiff also asserts that he has "complied with all administrative requirements up to and including criteria as set forth in Government Code Section 945.4 (Claims presentation requirement)." (ECF No. 23 at p. 5.) Plaintiff further asserts that his "Board claim was received on March 16, 2015 with the Board decision being rendered on April 7, 2015." (ECF

No. 23 at p. 7.)  Plaintiff does not provide a copy of his claim, and it is not entirely clear if he is referring to submission of a claim to the Victim Compensation and Government Claims Board.

Assuming, without deciding, that Plaintiff submitted a claim to the GCA, the Court finds that this 2015 claim does not satisfy the claim presentation procedure.  According the operative claims of the second amended complaint, Plaintiff's allegations involving Defendants Toor and Sisodia concerned events occurring after he submitted an inmate grievance, Appeal Log # VSP HC 16006222, on May 16, 2016.  (ECF No. 14 at p. 13.)  Specifically, Plaintiff alleged that Defendant Sisodia interviewed him on May 31, 2016, in connection with the appeal, and that Defendant Toor granted the appeal on June 16, 2016.  (ECF No. 14 at pp. 13-14.)  Because the events associated with and alleged against Defendants Toor and Sisodia occurred *after* Plaintiff's purported submission of a claim to the Board in March 2015, Plaintiff has failed to demonstrate compliance with the claim presentation requirement of the GCA.  He also has not alleged any circumstances excusing such compliance.

### III.    Conclusion and Recommendation

As Plaintiff has failed to affirmatively allege either compliance with the claim presentation requirement of the GCA or circumstances excusing his compliance, the Court finds that Plaintiff's state law negligence claim against Defendant Toor should be dismissed and that Defendant Sisodia should be dismissed from this action.

Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. Defendants' motion to dismiss be GRANTED based on Plaintiff's failure to comply with the claim presentation requirement of the California Government Claims Act;
2. Plaintiff's state law negligence claim against Defendant Toor be dismissed;
3. Defendant Sisodia be dismissed from this action; and
4. This action proceeds only against Defendant Dr. Toor for deliberate indifference in violation of the Eighth Amendment.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the

Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**July 24, 2017**__         /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE