UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HACKETT,<br><br>    Plaintiff,<br><br>    v.<br><br>FISHER, et al.,<br><br>    Defendants. | No. 1:15-cv-00670-DAD-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 28) |

Plaintiff Steven Hackett is a prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action is currently proceeding on plaintiff's claims against defendant Dr. Toor for deliberate indifference to a serious medical need in violation of the Eighth Amendment and negligence under state law and his claim against defendant Sisodia for negligence under state law.

On January 9, 2017, defendants filed a motion to dismiss. (Doc. No. 22.) On February 3, 2017, plaintiff filed his opposition to that motion and on February 10, 2017, defendants filed a reply. (Doc. Nos. 23, 24.) On July 24, 2017, the assigned magistrate judge issued findings and recommendations recommending that (1) defendants' motion to dismiss be granted due to plaintiff's failure to comply with the claim presentation requirement of the California Government Claims Act; (2) plaintiff's state law negligence claim against defendant Toor be

1

dismissed; (3) defendant Sisodia be dismissed from this action; and (4) this action proceed only on plaintiff's Eighth Amendment deliberate indifference claim against defendant Dr. Toor. (Doc. No. 28.) The findings and recommendations were served on the parties and contained notice that any objections thereto must be filed within fourteen days after service. (*Id.* at 4.) On August 16, 2017, the magistrate judge granted plaintiff an extension of time to file his objections. (Doc. No. 30.) On August 17, 2017, plaintiff filed his objections. (Doc. No. 31.) On August 25, 2017, defendants filed a response to plaintiff's objections. (Doc. No. 32.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a de novo review of this case and carefully reviewed the entire file. As noted by defendants, plaintiff's objections fail to identify any error in the magistrate judge's findings and recommendations. (Doc. No. 32 at 1–2.) Rather, plaintiff asks this court to recognize a cognizable claim against defendant Sisodia for deliberate indifference to his serious medical need in violation of the Eighth Amendment. (Doc. No. 31 at 3.) In this regard, plaintiff contends that defendant Physician Assistant Sisodia's decision to treat plaintiff with short-term pain medication, despite an earlier authorization by a Pain Management Committee of a long-term opiate medication plan, amounted to "a wanton infliction of pain and a deliberate indifference to plaintiff's serious medical need." (*Id.*) However, in screening plaintiff's second amended complaint on September 21, 2016, the magistrate judge dismissed plaintiff's Eighth Amendment claim against defendant Physician's Assistant Sisodia. (Doc. No. 15 at 9.) In that screening order the magistrate judge noted that plaintiff's allegations with respect to his deliberate indifference claim against defendant Sisodia reflected merely a difference of opinion between an inmate and prison medical staff as to the appropriate medical treatment, which was insufficient to state a cognizable Eighth Amendment violation. (*Id.*) Finally, the magistrate judge concluded that the granting of further leave to amend was not warranted because plaintiff had been given multiple opportunities allege a cognizable deliberate indifference claim against defendant Sisodia, but failed to do so. (*Id.* at 11.)

Notably, plaintiff never sought reconsideration of the September 21, 2016 screening order. The court need not now re-visit plaintiff's attempts to allege an Eighth Amendment deliberate

indifference claim against defendant Sisodia which was dismissed by prior order. As to those claims addressed in the pending findings and recommendations, the court finds that the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on July 24, 2017 (Doc. No. 28) are adopted in full;
2. Defendants' motion to dismiss as to plaintiff's state law negligence claims is granted based on plaintiff's failure to comply with the claim presentation requirement of the California Government Claims Act;
3. Plaintiff's state law negligence claim against defendant Toor is dismissed;
4. Defendant Sisodia is dismissed from this action;
5. This action shall proceed only against defendant Dr. Toor with respect to plaintiff's claim of deliberate indifference in violation of the Eighth Amendment regarding conduct in May-June 2016; and
6. This matter is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **September 8, 2017**

UNITED STATES DISTRICT JUDGE