UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN HACKETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. TOOR,<br><br>　　　　　Defendant. | No. 1:15-cv-00670-DAD-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. No. 43) |

Plaintiff Stephen Hackett is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 21, 2016, the assigned magistrate judge screened plaintiff's second amended complaint and found that it stated cognizable claims against defendant Toor for deliberate indifference to plaintiff's serious medical needs during May–June 2016 in violation of the Eighth Amendment, and against defendants Toor, Stolfus, and Sisodia for negligence. (Doc. No. 15.) The assigned magistrate judge dismissed all other claims against defendants from this action. (*Id.*)

On December 20, 2016, the assigned magistrate judge dismissed defendant Stolfus from this action without prejudice due to plaintiff's failure to provide sufficient information to

1

| | |
|---|---|
| 1 | effectuate service.  (Doc. No. 20.)  On September 11, 2017, the undersigned granted defendants' |
| 2 | motion to dismiss as to plaintiff's state law negligence claims and dismissed defendant Stolfus |
| 3 | from this action.  (Doc. No. 33.)  This case now proceeds only against defendant Toor with |
| 4 | respect to plaintiff's claim of deliberate indifference in violation of the Eighth Amendment |
| 5 | regarding conduct in May–June 2016. |
| 6 |     On January 22, 2018, the assigned magistrate judge re-screened plaintiff's second |
| 7 | amended complaint in light of the decision in *Williams v. King*, 875 F.3d 500 (9th Cir. 2017), |
| 8 | which held that a magistrate judge does not have jurisdiction to dismiss claims with prejudice in |
| 9 | screening prisoner complaints even if a plaintiff has consented to magistrate judge jurisdiction, as |
| 10 | plaintiff did here, where all named defendants, including those who had not yet appeared in the |
| 11 | action, had not consented to magistrate judge jurisdiction.  (Doc. No. 43.)  Concurrently, the |
| 12 | assigned magistrate judge issued findings and recommendations, recommending that the |
| 13 | undersigned dismiss all claims previously found to be non-cognizable by the magistrate judge. |
| 14 | (*Id.*)  The parties were given fourteen days to file objections to those findings and |
| 15 | recommendations.  To date, the parties have filed no objections, and the time for doing so has |
| 16 | now passed. |
| 17 |     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this |
| 18 | court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the |
| 19 | court finds the findings and recommendations to be supported by the record and proper analysis. |
| 20 | Accordingly, |
| 21 |   1.    The findings and recommendations issued January 22, 2018 (Doc. No. 43) are |
| 22 |       adopted in full; |
| 23 |   2.    Plaintiff's Eighth Amendment claims against defendants Stolfus and Sisodia are |
| 24 |       dismissed; |
| 25 |   3.    Plaintiff's Eighth Amendment claim against defendant Toor for delaying the knee |
| 26 |       procedures for two years is dismissed; |
| 27 |   4.    Plaintiff's custom and practice claim is dismissed as to all defendants; and |
| 28 | ///// |

5. This action proceeds solely on plaintiff's Eighth Amendment deliberate indifference claim against defendant Toor regarding conduct in May–June 2016.

IT IS SO ORDERED.

Dated: **April 12, 2018**

_____
UNITED STATES DISTRICT JUDGE