# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN HACKETT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TOOR,<br><br>　　　　　Defendant. | Case No. 1:15-cv-00670-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF No. 36)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**FINDINGS AND RECOMMENDATIONS**

**I.　Background**

Plaintiff Stephen Hackett ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Toor with respect to Plaintiff's claim of deliberate indifference in violation of the Eighth Amendment regarding conduct in May–June 2016. (ECF No. 33.)

On October 23, 2017, Defendant Toor filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, on the grounds that the undisputed facts prove that Plaintiff failed to timely and properly exhaust his available administrative remedies.[1] Fed. R. Civ. P.

---

[1] Concurrent with this motion, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1988); Klingele v. Eikenberry, 849 F.2d 409, 411–12 (9th Cir. 1988). (ECF No. 36-1.)

1

56(c), Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), cert. denied, 135 S. Ct. 403 (2014). (ECF No. 36.) On November 27, 2017, the Court directed Plaintiff to file an opposition or statement of non-opposition within thirty days. (ECF No. 38.) On December 26, 2017, Plaintiff filed his opposition to the motion for summary judgment. (ECF No. 39.) Following a brief extension of time, Defendant replied on January 3, 2018. (ECF No. 42.) The motion is deemed submitted. Local Rule 230(l).

## II. Legal Standard

### A. Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. 199, 216 (2007); Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

Defendants must first prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy. Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing Albino, 747 F.3d at 1172) (quotation marks omitted). The burden then shifts to Plaintiff to show something in his particular case made the existing and generally available administrative remedies effectively unavailable to him. Williams, 775 F.3d at 1191 (citing Albino, 747 F.3d at 1172) (quotation marks omitted). The ultimate burden of proof on the issue

of exhaustion remains with Defendants. Id. (quotation marks omitted).

**B.     Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

**III.    Discussion**

**A.     Summary of CDCR's Administrative Review Process**

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1.

3

Pursuant to this system, an inmate may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his . . . health, safety, or welfare." Id. at § 3084.1(a).

The process is initiated by submitting a CDCR Form 602, Inmate/Parolee Appeal. Id. at § 3084.2(a). In the appeal form, prisoners must list all staff members involved and describe their involvement in the issue. Id. at § 3084.2(a)(3). If the inmate does not have the requested identifying information about the staff member, he must provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member in question. Id.

Three levels of review are involved—a first level review, a second level review and a third level review. Id. at §§ 3084.5(c)–(e), 3084.7. Bypassing a level of review may result in rejection of the appeal. Id. at § 3084.6(b)(15). Under the PLRA, a prisoner has exhausted his administrative remedies when he receives a decision at the third level. See Barry v. Ratelle, 985 F.Supp. 1235, 1237–38 (S.D. Cal. 1997).

**B.       Summary of Relevant Allegations**

On June 27, 2014, Plaintiff was transferred from Wasco State Prison ("Wasco") to Valley State Prison ("VSP"). While at Wasco, Plaintiff had been approved for a total left knee revision and to have removal of an ABX antibiotic spacer that was supposed to have been removed on January 27, 2014. At VSP, Plaintiff was seen by various medical providers regarding his knee and why his approved and scheduled surgery had not yet occurred.

On February 4, 2015, Plaintiff filed a grievance complaining about the denial of the surgical procedure. Plaintiff received a denial of that grievance at the third level on June 22, 2015.

From June 2015 to May 2016, Plaintiff continued to suffer pain and deteriorating bone rubbing against the left knee joint, atrophy, a lessening of the ability to straighten the left leg, oozing infection site, and staph infection. Plaintiff filed another grievance on May 16, 2016, seeking knee surgery and effective pain medication. Plaintiff's appeal (VSP HC 1600622) was for denial of effect pain treatment and to be granted surgery of left knee at inmate private cost.

4

On June 16, 2016, Defendant Toor granted Plaintiff's request for surgery if Plaintiff paid all costs associated with the procedure. Plaintiff alleges that Defendant Toor failed to inform Plaintiff that the surgery could be obtained at private costs at an earlier date, delaying treatment and causing increased pain and suffering.

**C. Defendant's Statement of Facts (DSF)[2]**

1. On May 15, 2016, Plaintiff filed Appeal Log No. VSP-HC-16006222, requesting knee replacement surgery at his own expense. (Lewis Decl. ¶ 10(ii); Appeal Log No. VSP-HC-16006222, attached as Exhibit "B" to Lewis Decl.)

2. On June 16, 2016, Defendant responded to Appeal Log No. VSP-HC-16006222 at the first level of review. Defendant partially granted this appeal based on Title 15, section 3354, subdivision (c), which permitted Plaintiff to request an outside private consultation for his orthopedic procedure using his own health care coverage. (Lewis Decl. ¶ 10(ii); Appeal Log No. VSP-HC-16006222.)

3. Twenty-eight days after Defendant responded to Appeal Log No. VSP-HC-16006222, on July 14, 2016, Plaintiff sued Defendant, accusing him of deliberate indifference in the First Amended Complaint based on Defendant's first level response to Appeal Log No. VSP-HC-16006222. (ECF No. 9; Appeal Log No. VSP-HC-16006222.)

4. Specifically, Plaintiff erroneously claimed in his First Amended Complaint that Defendant "'granted' [Plaintiff's] request for surgery on his knee if [Plaintiff] paid all costs associated with the procedure . . ." and "failed to inform Plaintiff at a much earlier date that . . . surgery could be obtained at private cost . . . ." (ECF No. 9; Appeal Log No. VSP-HC-16006222.)

5. Plaintiff did not file any appeal accepted for review regarding Defendant's first level response to Appeal Log No. VSP-HC-16006222, including Plaintiff's claim of deliberate indifference based on an alleged grant of Plaintiff's request for knee surgery if Plaintiff paid all costs associated with the procedure and Defendant's alleged failure to inform him at a much earlier date that surgery could be obtained at private cost. (Lewis Decl. ¶¶ 8–

---

[2] ECF No. 36-3.

5

11; Appeal Log No. VSP-HC-15003823, attached as Exhibit "A" to Lewis Decl.; Appeal Log No. VSP-HC-16006222.)

6. On August 30, 2016, Plaintiff filed his Second Amended Complaint, re-alleging his claim of deliberate indifference against Defendant. (ECF No. 14 ¶¶ 35, 36, 38, 41–44.)

**D.  Discussion**

Defendant Toor argues that Plaintiff did not exhaust his administrative remedies because Plaintiff did not timely file any appeals accepted for review regarding his claim against Defendant. While Plaintiff filed other grievances with respect to his knee surgery, the undisputed evidence establishes that Plaintiff never filed a separate appeal accepted for review regarding Defendant Toor's June 2016 first-level decision in Appeal Log No. VSP-HC-16006222, as Plaintiff was required to do. (DSF 5.)

The Court finds that Defendant Toor has carried the burden to demonstrate that there was an available administrative remedy, but Plaintiff failed to exhaust that remedy in connection with his deliberate indifference claim against Defendant.

The burden therefore shifts to Plaintiff to demonstrate that the existing and generally available administrative remedy was effectively unavailable to him. The Court finds that Plaintiff has failed to carry this burden. In his opposition, Plaintiff argues that he exhausted his administrative remedies through Appeal Log No. VSP-HC-15003823, which was denied at the third level of review on June 22, 2015. (Appeal Log No. VSP-HC-15003823, attached as Exhibit "A" to Lewis Decl.) However, Plaintiff is proceeding against Defendant Toor for Defendant's first-level response to Appeal Log. No. VSP-HC-16006222, which occurred in June 2016. Plaintiff cannot demonstrate exhaustion through a grievance which was fully exhausted a year before the events at issue occurred.[3] Plaintiff has not come forward with any evidence that he appealed Defendant Toor's first-level decision Plaintiff's appeal, Appeal Log No. VSP-HC-16006222.

Plaintiff has not otherwise demonstrated that the available administrative remedies were

---

[3] To the extent Plaintiff contends that he exhausted his administrative remedies in connection with Defendant Toor's conduct prior to May to June 2016, the Court dismissed all claims related to that time period in its prior screening order, and declines to reinstate them.

6

rendered unavailable to him through no fault of his own. See Sapp v. Kimbrell, 623 F.3d 813, 822–23 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) (prisoner's failure to exhaust excused where he took reasonable and appropriate steps to exhaust and was precluded, not through his own fault, but by the Warden's mistake); see also Albino, 747 F.3d at 1173 (exhaustion may be excused if prisoner reliably informed that the remedy was not available to him); Nunez, 591 F.3d at 1225-26; Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (district court erred in dismissing complaint for failure to exhaust administrative remedies because the prisoner had been informed that he was not permitted to appeal the decision); Miller v. Tanner, 196 F.3d 1190, 1194 (11th Cir. 1999) (inmate not required to file an appeal after being "told unequivocally that appeal . . . was precluded").

Based on these reasons, the Court finds that Plaintiff has not exhausted his administrative remedies with regard to his claim against Defendant Toor and that he should not be excused from the failure to exhaust. As the Court finds no genuine dispute of material fact, Defendant Toor's request that the Court hold a "preliminary proceeding" is moot.

### III. Conclusion and Recommendation

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant's motion for summary judgment for failure to exhaust administrative remedies, (ECF No. 36), be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 13, 2018**  /s/ Barbara A. McAuliffe  
UNITED STATES MAGISTRATE JUDGE

8