# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN HACKETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TOOR,<br><br>　　　　　Defendant. | Case No. 1:15-cv-00670-DAD-BAM (PC)<br><br>ORDER DIRECTING PARTIES TO MEET AND CONFER AND DIRECTING DEFENDANT TO RESPOND TO PLAINTIFF'S MOTION TO ABANDON ALL CLAIMS<br><br>(ECF No. 50)<br><br>**Defendant's Response Due: September 14, 2018** |

Plaintiff Stephen Hackett ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Toor with respect to Plaintiff's claim for deliberate indifference in violation of the Eighth Amendment regarding conducting in May–June 2016.

On October 23, 2017, Defendant Toor filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, on the grounds that the undisputed facts prove that Plaintiff failed to timely and properly exhaust his available administrative remedies. (ECF No. 36.) On August 13, 2016, the Court issued findings and recommendations recommending that Defendant's motion be granted. (ECF No. 49.) The parties were directed to file any written objections within fourteen (14) days after service. (Id. at 7.)

Currently before the Court is Plaintiff's Motion to Abandon All Claims for Relief, filed August 29, 2018. (ECF No. 50.) Plaintiff requests that the Court dismiss "the Third Claim for

1

Relief and allow abandonment of claims." (Id.)

Under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, "a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment." Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)). Here, Defendants have filed a motion for summary judgment, so Plaintiff cannot voluntarily dismiss this action pursuant to Rule 41(a)(1)(A)(i).

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) provides that a "plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Therefore, Plaintiff may dismiss this action by filing a stipulation of dismissal that is signed by all parties who have appeared.

A party may also dismiss an action by filing a motion requesting the Court to dismiss the action. Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the district court. Hamilton v. Fireston Tire & Rubber Co. Inc., 679 F.2d 143, 145 (9th Cir. 1982).

Here, it is unclear whether Plaintiff intended to file a motion for voluntary dismissal of the entire action, or merely part of the action. The Court notes that, at this time, Defendant Toor is the only remaining defendant, and only the claim of deliberate indifference regarding conduct in May–June 2016 remains. It is unclear what cause of action Plaintiff is referring to when he states that he seeks dismissal of the "Third Claim for Relief." Furthermore, it is unclear whether the requested dismissal is with or without prejudice. Therefore, the Court finds it appropriate to require the parties to meet and confer regarding Plaintiff's filing. The Court's findings and recommendations, as well as the deadline for filing objections, remain pending.

Accordingly, it is HEREBY ORDERED as follows:

1. The parties SHALL meet and confer regarding Plaintiff's motion to abandon all claims for relief, (ECF No. 50);
2. Prior to the meet and confer, Defendant is DIRECTED to serve a courtesy copy of this order on Plaintiff via the Litigation Coordinator at the institution where he is currently

1  housed;

2  3. On or before **Friday, September 14, 2018**, Defendant is DIRECTED to file:

3     a. A response to Plaintiff's motion; **or**

4     a. A stipulation to dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), specifying whether the dismissal pertains to all or only part of this action, and whether the dismissal is with or without prejudice.

IT IS SO ORDERED.

Dated: **September 4, 2018**　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE